[No. 16216. Department Two. April 5, 1921.]

K. OKITSUKI et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS (566)—CLAIMS AGAINST CORPORATION—SUFFICIENCY OF NOTICE OF CLAIM. A claim for damages for wrongful death, filed with the city of Seattle by the administrators of the decedent, is sufficient, under the charter and statute, when it names such personal representatives as claimants and gives their address for the preceding year.

Appeal from a judgment of the superior court for King county, Frater, J., entered August 26, 1920, dismissing an action in tort, tried to the court. Reversed.

Griffin & Griffin, for appellants.

° Walter F. Meier and Frank S. Griffith, for respondent.

TOLMAN, J.—Appellants, as administrators of the estate of S. Okanishi, deceased, brought this action against the respondent to recover damages for the alleged wrongful death of the decedent, whose estate they are administering. Within thirty days after the accident complained of, as provided by the city charter and the statute, they filed their claim for damages and caused the same to be presented to the city council. This claim was in the usual form and regular in all respects, except that the damages were alleged to have been suffered by the estate of the deceased, and appellants made a claim as administrators for and on behalf of the estate. After the rejection of the claim, this action was brought, and in their complaint appellants alleged that the deceased left surviving him a wife and children "for whose benefit this action is

[1]Reported in 197 Pac. 6.

brought." Upon the trial of the cause before the court sitting without a jury, appellants sought to introduce in evidence a certified copy of their claim as filed, to which the objection was interposed that the claim failed to state the place of residence of the beneficiaries, i.e., the wife and children, and was therefore ineffectual as a claim for damages and immaterial for any purpose. This objection being sustained, appellants were left without any proof of compliance with the city charter and the statute requiring the presentation of such claims, and because of such failure of proof, a judgment of dismissal was entered, from which this appeal is taken.

The single question is here presented of the sufficiency of the claim for damages to the estate to support this action. By chapter 123, of the Laws of 1917, p. 495, it is provided in section 1, that, "when the death of a person is caused by the wrongful act, neglect or default of another his personal representatives may maintain an action for damages against the person causing the death;" And in the succeeding section it is provided: "Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused."

Bouvier's Law Dictionary defines personal representatives as "The executors or administrators of the person deceased," and we do not understand respondent to contend otherwise. If then, the executors or administrators of the person deceased are given the right by statute to maintain an action for damages for the wrongful death, do they not become the claimants within the meaning of the law relating to the presentation of such claims? If so, their places of residence, rather than that of the wife and children for whose benefit the action may be prosecuted, would seem to

be what is required to be given in the claim for damages.

In Vol. 5, Labatt's Master & Servant, § 1715, it is said:

"A writing set up as a notice will not be construed with technical strictness, but its contents should at all events show that it is intended as the basis of a claim against the defendant, and that the information is given on behalf of the person who brings the suit. Any notice is sufficient which contains such particulars as will give the employer substantial notice of what has occurred, and thus put him in a position to make such inquiries as will enable him to come to trial prepared to meet the plaintiff's case."

Accepting this as the general rule, it seems to us, by the plainest reasoning clearly demonstrable, that the claim as made was sufficient. Under the statute, appellants, having the right to maintain the action, became in law the claimants. Both the city charter and the statute, with reference to the filing of such claims, refer only to the address of the claimant, and through that source of inquiry it is fair to assume that the defendant might learn all of the facts necessary for its defense, and that if it considered it necessary or advantageous to ascertain the place of residence of the wife and children for whose benefit the action is being prosecuted, it might elicit such information by proper inquiries, or by interrogatories before trial, though it is difficult to perceive how the place of residence of the wife and children in this case if, as intimated, they resided at all times in Japan, could throw any light upon the cause of the accident or the nature or extent of the injuries which resulted therefrom. The claim as filed, having complied with both the city charter and the statute with reference to the giving of the place of

residence of the claimant, should have been received in evidence.

The judgment is reversed, and the cause remanded for further proceedings in harmony with these views.

PARKER, C. J., and MITCHELL, J., concur.

MAIN, J. (concurring)—I concur in the result reached by the majority in this case, but for a different reason. The majority opinion holds that, since the claim filed with the city council gave the address of the administrators for one year preceding the filing of the claim, it was sufficient in this respect to answer the requirements of the city charter. In my opinion, the claim was sufficient because it gave the actual place of residence of S. Okanishi for one year next preceding his death. He was the one involved in the accident and his address was the only one that could be beneficial to the city. The charter provides that

"All such claims for damages must accurately locate and describe the defect which caused the injury, accurately describe the injury, give the residence for one year last past of the claimant, contain the items of damages claimed and be sworn to by the claimant."

These requirements were to enable the city to investigate the cause of the accident, the extent of the injury and the vocation and doings of the claimant for one year prior to the time the claim was filed. The residence of the party injured might be of material assistance to the city in determining whether the claim was a proper claim to be allowed, or disclose facts which could be used as a defense to the claim if an action should be brought thereon. The residence of the administrators could be of no benefit to the city, neither could the residence of the beneficiaries. S. Okanishi, who was involved in the accident, which oc-

curred on June 9, died four days later, or on June 13. If, in the interim, the claim had been filed he would have been the claimant, and his residence for one year preceding that would have been that which was required to be stated in the claim. As I view it, the purpose of the charter requirement was to make certain the address of the one who was involved in the accident, in order that the city's representatives might investigate who he was, what he had been doing, and any other fact that might be material in disposing of the claim.

I concur upon the grounds that the claim was sufficient because it gave the address of S. Okanishi, deceased, for one year preceding his death, which was caused by the accident.

MOUNT, J., concurs with MAIN, J.