[No. 16650.  Department Two.  May 18, 1922.]

PHYLLIS HOWE and MARJORIE HOWE, *by Ruth Howe,
their Guardian ad Litem,* and RUTH HOWE,
*Individually, Respondents,* v. WHITMAN
COUNTY, *Appellant.*[1]

APPEAL (337)—BRIEFS—TIME FOR FILING—DISMISSAL. Service of
the brief on appeal four days prior to the serving of the abstract is
not a jurisdictional failure or ground for dismissal of the appeal.

VENUE (1)—PLACE IN WHICH ACTION MAY BE BROUGHT—ACTION
AGAINST COUNTY. There being no statute fixing the venue of an
action against a county, an action for personal injuries against the
county and a joint tort-feasor, who resided in another county, may
be brought in the county where such co-defendant resides and is
served; and the defendant county is not entitled to a change of venue
to its own county, in view of Rem. Comp. Stat., § 207, providing that
the action must be tried in the county where the defendants or some
of them reside.

APPEAL (166, 389)—PARTIES—SUBSTITUTION OF NEW PARTIES AFTER
JUDGMENT—AMENDMENTS. In an action for the wrongful death of a
husband, prosecuted by the wife for herself and as the guardian *ad
litem* for the children in ignorance of the repeal of Rem. Code, § 183,
which authorized such an action, the supreme court cannot, after
judgment, allow an amendment of the complaint to substitute the
widow as administratrix of the estate, she having been appointed
such, for the purpose of sustaining an action under Rem. Comp.
Stat., §§ 183–183-3, which authorizes a suit for wrongful death,
brought by the personal representative of the deceased for the bene-
fit of the widow and children; especially where such an amendment
or substitution will be subject to demurrer for misjoinder of causes
of action, and also for want of sufficient facts because of inability to
plead the condition precedent of the filing of a claim against the
county, as required by Rem. Comp. Stat., § 4077.

ACTIONS (24)—DEATH (7, 13)—JOINDER—PARTIES ENTITLED TO
SUE. Damages for injuries and suffering sustained by the decedent
and resulting in his death can only be recovered in an action prose-
cuted by the heirs and beneficiaries named in Rem. Comp. Stat.,
§ 194, and cannot be joined with an action for wrongful death to be
prosecuted by the personal representative for the benefit of the
widow and children under Rem. Comp. Stat., §§ 183–183-3.

[1]Reported in 206 Pac. 968; 212 Pac. 164.

Counties (88) — Claims Against County — Presentation — Parties Entitled to Sue. Under Rem. Comp. Stat., § 4077, providing that all claims against any county must be presented to the county commissioners within sixty days from the accrual of the claim, a claim for wrongful death under Id., §§ 183--183-3, to be prosecuted by the personal representative, must have been presented by the executor or administrator entitled to maintain the action; and the filing and presentation of a claim is not excused by the presentation and allowance of a claim against the county filed by the widow on behalf of herself and as guardian *ad litem* for the children.

Hovey and Mackintosh, JJ., dissent in part.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 18, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for wrongful death. Affirmed in part and reversed in part.

*G. A. Weldon* and *W. L. LaFollette, Jr.* (*Thomas Neill*, of counsel), for appellant.

*White & Randall* (*F. B. Danskin*, of counsel), for respondents.

Holcomb, J.—This action was brought by Phyllis Howe and Marjorie Howe, by their guardian *ad litem*, Ruth Howe, children of Harold B. Howe, deceased, and by Ruth Howe, widow of Harold B. Howe, deceased, against Peter Zounick, a resident of Spokane county, Washington, and against Whitman county, to recover damages against the defendants as joint tort feasors, on two causes of action.

The first cause of action is for $5,000 damages for pain and suffering sustained by the deceased from the time of his injury to the date of his death. The second cause of action is for damages sustained through loss by death of Harold B. Howe.

Defendant Zounick was exonerated by the verdict of the jury on his evidence that he drove at twenty miles

per hour and used care, and we have no further concern with him.

As to appellant Whitman county, the negligence alleged as the cause of the death of Harold B. Howe is that the county failed to keep the Inland Empire Highway running north from Colfax to Spokane, and particularly at a point about two and a half miles north of Steptoe in that county, in a reasonably safe condition for ordinary travel, in that there were ruts in the road on October 31, 1920, which were filled with water, and that defendant Zounick was driving an automobile in which deceased was riding as a guest of Zounick, in a careless and reckless manner, operating the car without chains, and at a speed exceeding thirty miles per hour, and that by reason of the negligence of Whitman county in not keeping the road in a reasonably safe condition for ordinary travel, and the negligence of Zounick, the automobile was upset, and Harold B. Howe received injuries from which he afterwards died.

The action was commenced and tried in Spokane county. Appellant moved for a change of venue to the superior court of Whitman county on the ground that the defendant is a municipal corporation, and as such has a right to a trial of this action in the superior court of Whitman county. The motion was overruled. Respondents amended their complaint, and to the amended complaint appellant demurred on the ground that the court had no jurisdiction, and on the further ground that the complaint did not state facts sufficient to constitute a cause of action against Whitman county. The demurrer was sustained on the ground that the complaint did not state facts sufficient, and respondents then served their second amended complaint, to which the defendants both answered, and a trial was had thereon, resulting in a verdict in favor of respondents

for $5,000 on their first cause of action, and $20,000 on their second cause of action, against Whitman county alone. A motion for a new trial was made and denied.

A motion to dismiss the appeal was made by respondents herein and passed to the merits. It is based upon the fact that the brief of appellant was served four days prior to the serving of the abstract of the record on appeal. That was not a jurisdictional failure, and is not a ground for a dismissal of the appeal. *State ex rel. State Bank v. Scott,* 102 Wash. 510, 173 Pac. 498; *Weiffenbach v. Puget Sound Bridge & Dredging Co.,* 103 Wash. 240, 174 Pac. 10.

On the appeal appellant urges the following errors: (1) That the court erred in not granting a change of venue; (2) that the superior court of Spokane county had no jurisdiction of the action; (3) that the second cause of action does not state facts sufficient to entitle respondents to a judgment; (4) that the evidence is not sufficient to justify the verdict; (5) that the damages are excessive.

No objections or exceptions were made to any specific instructions of the court, and having examined the facts, we are of the opinion that the evidence was sufficient to justify the verdict, and that the damages were not excessive, but were within the evidence as to each cause of action, if respondents are entitled to recover in the capacity in which they sue as to either cause of action.

The first error argued by appellant, that the superior court of Spokane county had no jurisdiction to try the case, and should have sent the case to Whitman county on its motion for a change of venue, is based upon the proposition that a county cannot be sued outside of its own boundaries for negligence in the maintenance of its highways, when a resident of the county which is

made the forum county is a codefendant in good faith. The case of *North Yakima v. Superior Court,* 4 Wash. 655, 30 Pac. 1053, is quoted to this effect: that there is no statute in this state regulating the forum in which actions against counties may be brought, and there being no statute upon the subject, the rule of common law must prevail, and the rule at common law made such corporations suable only in the courts of the county in which they were situated.

In that case there was no codefendant. The suit was solely against the municipal corporation of North Yakima. That case was criticised and modified in the late case of *State ex rel. King County v. Superior Court,* 104 Wash. 268, 176 Pac. 352, in which we said:

"Contrary to the inferences drawn by the majority of the court in the *Yakima* case, it seems to us that the effect of this statute [Rem. Comp. Stat., § 951] is not merely to give a right of action where none existed before, but to make municipal corporations subject to suit as an ordinary party litigant and, as such, answerable under the general rules governing procedure in the superior courts. . . There is a wide distinction between common law rights and common law remedies. . . By the adoption of the reformed procedure, we divorced ourselves from the one while affirming the other. In the absence of statute law, the common law as we have it is a rule of decision. It is not a rule of practice. . . Having then two common law rules, the one combating the other and with equal force, there is but one thing to do; that is, to fix the venue of this suit, as we do all others, where the statute has fixed it, for the place of trial is purely a question of procedure."

It is true that in that decision we held that the action was local, and the county of King was therefore liable to answer in the county where the injury occurred; but it will be observed that we also held that the question of place of trial is purely a question of

procedure, or of the practice act. This is not a local action under the statute providing that such actions shall be maintained where the subject thereof is situated. (Rem. Comp. Stat., § 204) ; nor under Rem. Comp. Stat., § 205, providing for actions to be brought where the cause arose; nor under others for the recovery of penalties imposed by statute, or actions against county officers, etc. This action is purely a transitory action and may be tried anywhere where jurisdiction may be obtained, and is conferred by existing statutes. Accordingly the statute applying, Rem. Comp. Stat., § 207, is as follows:

"In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, as provided in the next two succeeding sections."

There having been a *bona fide* defendant residing in Spokane county, who was served with process there, the superior court of Spokane county drew jurisdiction to it to try the case against the codefendant charged with the tort, although that codefendant was a public corporation. We have no statutes providing that counties may be sued only within their own jurisdiction, and none that have that legal effect. We therefore conclude that the superior court of Spokane county had jurisdiction to try and determine the cause as against appellant Whitman county.

We are now confronted with a matter of great difficulty, and of the utmost importance to respondents.

Respondents moved in this court for the first time, after the appeal had been taken, and after appellant had made the point that respondents lack capacity to sue as to the second cause of action for $20,000 for the

wrongful death of the deceased, which motion was passed to the merits.

That motion is that, Ruth Howe, administratrix of the estate of Harold B. Howe, deceased, be joined as plaintiff with herself in her individual capacity and as guardian *ad litem* of the two minors; or, in the alternative, that Ruth Howe, as administratrix of the estate of Harold B. Howe, deceased, be substituted as plaintiff instead of Ruth Howe in her individual capacity and as guardian *ad litem* for the minors, and that such amendment be ordered that the substitution or joinder be made to relate to the commencement of the action and apply to all the proceedings herein.

The motion is supported by the affidavits of one of the judges of the superior court for Spokane county, who passed upon the demurrer to the first amended complaint, and of the trial judge, of Ruth Howe as mover, of the attorney for the defendant Zounick in the trial of the cause, and of one of the attorneys for respondents. It is shown by the attorney for respondents that, by inadvertence, the action was commenced under §§ 183 and 194 of Remington's 1915 Code (P. C. § 8275), not knowing that § 183 had been repealed by ch. 123 of the Laws of 1917, p. 495, and not knowing that fact until July 8, 1921; ch. 123, Laws of 1917, p. 495 [Rem. Comp. Stat., §§ 183-183-3] providing that the personal representative of a person whose death was caused by the wrongful act, neglect or fault of another "may maintain an action for damages against the person causing the death; . . . for the benefit of the wife, husband, child or children of the person whose death shall have been so caused" and repealing § 183 of Rem. & Bal. Code. The affidavits of the judges and of the attorney for the defendant Zounick show that, at no time during the pro-

gress of the proceeding, until appellant's opening brief had been served in this case, was the question of the legal capacity to sue of Ruth Howe in her individual capacity and as guardian *ad litem* for the minors in any way raised, suggested or intimated. Respondents therefore contend that, inasmuch as the fact of the appointment of Ruth Howe as administratrix of the estate of Harold B. Howe, deceased, is not controverted, and that had they made the same motion in the trial court before it lost jurisdiction of the case by appeal, the trial court would undoubtedly have granted the joinder or substitution, and that therefore the substitution, or at least the joinder of the administratrix should be permitted in this court.

Respondents advance a number of reasons why they should be granted this motion: first, that it is, in the condition of this case, merely a technical defect; second, that the motion is seasonably made; third, that appellant has no vested right in this technical error; fourth, that the defect is one which may be cured by amendment; fifth, that when a wrong party has been named as plaintiff the action will never be dismissed and the proper plaintiff be required to bring a new action when the effect would be to let in the bar of the statute of limitations; and sixth, that the amendment does not introduce a new right, a new cause of action, or a new measure of damages, and the identity of the cause of action remains the same.

Our statutes, §§ 303 and 307, Rem. Comp. Stat., are relied upon in support of the application of respondents. Section 303 is as follows:

"The court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon

like terms, enlarge the time for answer or demurrer. The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this code, and may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.''

Section 307 reads:

''The court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.''

Remington's Compiled Statutes, § 1752, relating to appeals to the supreme court, is also relied upon, as follows:

''The supreme court shall hear and determine all causes removed thereto in the manner hereinbefore provided, upon the merits thereof, disregarding all technicalities, and shall upon the hearing consider all amendments which could have been made as made.''

The two sections first quoted apply principally to proceedings in the superior courts, which are courts of original jurisdiction, although, of course, the appellate court is bound by them as well. But this court is not a court of original jurisdiction to the extent that we may hear and determine original issues between litigants in which the original jurisdiction is conferred upon the courts of general jurisdiction. It is true the fact of the appointment of Mrs. Howe as administratrix of the estate of the deceased is not controverted here by appellant. The fact that there is no procedure

provided for the joinder of issues in such matters in
this court may account for that. Appellant does, how-
ever, vigorously contest the right of respondents to
make this joinder or substitution. Respondents cite
many cases from jurisdictions having statutes of pro-
cedure like ours heretofore quoted, to the effect that
the defect involved is one which may be cured by
amendment, for the court will disregard any error or
defect in pleadings or proceedings which does not af-
fect the substantial rights of the adverse party. These
cases were all cases where the amendment was allowed
in the court of original jurisdiction. Some of them
after judgment, but none of them in the appellate court,
so far as we have been able to find. It is true that the
United States supreme court in *Missouri, K. & T. R.
Co. v. Wulf*, 226 U. S. 570, 33 Sup. Ct. 135, Ann. Cas.
1914B 134, in a suit against an interstate carrier under
the Federal employers' liability act, where the action
was under the statute requiring it to be maintained by
the personal representative, held that the amendment
by joining or substituting the personal representative
after the action was commenced by the beneficiary in
her own behalf was proper, and said:

"Nor do we think it was equivalent to the commence-
ment of a new action, so as to render it subject to the
two years' limitation prescribed by § 6 of the Employ-
ers' Liability Act. The change was in form rather
than in substance. *Stewart v. Baltimore & Ohio Rail-
road Co.*, 168 U. S. 445. It introduced no new or dif-
ferent cause of action, . . . and therefore it re-
lated back to the beginning of the suit. *Texas & Pacific
Ry. Co. v. Cox*, 145 U. S. 593, 603; *Atlantic & Pacific R.
Co. v. Laird*, 164 U. S. 393, 395. See also *McDonald v.
State of Nebraska*, 101 Fed. Rep. 171," and other cases
cited.

The case of *McDonald v. State of Nebraska*, 101 Fed.
171, 41 C. C. A. 278, above cited, is one very strongly

relied upon by the respondents upon this motion, but in that case the amendment was asked after judgment it is true, but in the court of original jurisdiction. And in that case there were no conditions precedent which would have to be pleaded by the new or substituted plaintiff in order to maintain the cause of action, as would be the case here. Unfortunately for respondents, we are forced to conclude that one of the grounds urged by appellant in contesting this motion must be sustained; that is, that the amendment or substitution being allowed, the complaint would be subject to demurrer for misjoinder of causes of action, and also for failure to state a cause of action as to the personal representative, because of the inability to plead a condition precedent in pleading that the claim had been filed within the statutory time by the claimant, that is, the one having the right to sue as administratrix.

The first cause of action upon which respondent sued and recovered was properly maintainable under § 194, Rem. Comp. Stat., which provides:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, . . . but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children, . . ."

Respondents contend that the provisions of § 194 must be considered in connection with the provisions of § 967, Rem. Comp. Stat., providing:

"All other causes of action [than those enumerated in section 183, *supra*] by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. Where the cause of action survives, as herein provided, the executors or administrators may maintain an action at law

9—120 WASH.

thereon against the party against whom the cause of action accrued, or after his death, against his personal representatives.''

Section 967 refers to the provisions of § 183 and provides for the prosecution of actions by the personal representatives. Section 183 is expressly repealed by the act of 1917, ch. 123, p. 495, which now provides that actions for such wrongful death can only be prosecuted in behalf of the beneficiaries by the personal representative of the deceased. Section 194 gives no right of prosecution of an action by the personal representatives, but only gives the right to prosecute by the heirs and beneficiaries therein named. And we held in *Machek v. Seattle,* 118 Wash. 42, 203 Pac. 25, that the basis of the second cause of action under § 194, and under the old statute, § 183, or the new statute, ch. 123 of the act of 1917, p. 495, are distinct.

''A plaintiff cannot in the same action . . . sue as an individual and as a representative.'' 23 Cyc. 425.

The damages alleged in the first cause of action set up in respondents' complaint could only be recovered by them in their personal capacity, under § 194, Rem. Comp. Stat. The damages claimed in the second cause of action could only be recovered in a representative capacity under ch. 123, Laws of 1917, p. 495; Rem. Comp. Stat., §§ 183-183-3.

''It is elementary law that an executor or administrator cannot join a cause of action in his individual right with a cause of action in his representative capacity. The courts will not take cognizance of distinct and separate claims or liabilities of different persons in the same action.'' 18 Cyc. 974; *Johnson v. Seattle Elec. Co.,* 39 Wash. 211, 81 Pac. 705.

It will be seen that it is impossible for us to permit, had we the power to grant such a motion as this, the

joinder of the two causes of action in respondents' complaint.

Furthermore, were respondents permitted to substitute the administratrix as to either cause of action, then the complaint would be demurrable for the reason that the administratrix, as such, presented no claim for damages to and against Whitman county. It is true, as a beneficiary for herself and the minor heirs, she presented their claim for damages in the two causes of action, and it is contended that that would be sufficient, because appellant, in its pleadings, admitted that the claim had been presented on behalf of respondents in the capacity in which they sued, against the county, and that the county rejected the claim on the ground that it was not liable, and therefore the county waived any defects in the same as to the party claiming.

Chapter 149 of the Laws of 1919, p. 414, provides:

"That all claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of such claimant at the time of presenting and filing such claim and for a period of six months immediately prior to the time such claim for damages accrued, and be sworn to by the claimant." Rem. Comp. Stat., § 4077.

Under that section the claimant, as to the second cause of action, must have been the administratrix, or personal representative of the deceased. Chapter 123 of the Laws of 1917, p. 495, gives the executor or administrator the exclusive right to sue for the damages resulting from the death of a decedent.

"If then, the executors or administrators of the person deceased are given the right by statute to maintain

an action for damages for the wrongful death, do they not become the claimants within the meaning of the law relating to the presentation of such claim? . . . Under the statute, appellants, having the right to maintain the action, became in law the claimants.'' *Okitsuki v. Seattle,* 115 Wash. 245, 197 Pac. 6.

We have held that the presentation and filing of a claim required by law is a condition precedent which must be pleaded and proven in order to maintain an action. *Lenhart v. Hoquiam,* 86 Wash. 168, 149 Pac. 650; *Haynes v. Seattle,* 83 Wash. 51, 145 Pac. 73, 10 N. C. C. A. 450; *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840.

We must, therefore, deny the motion of respondents for the joinder or substitution of Ruth Howe as administratrix of the estate of Harold B. Howe, as to either cause of action, and further hold that no recovery can be sustained under the second cause of action, for the reason that that action, under the provisions of ch. 123 of the Laws of 1917, p. 495, could only be maintained by the personal representatives of the deceased.

There is no question about the first cause of action stating a cause of action in favor of respondents, and having decided that the superior court of Spokane county has jurisdiction to try and determine it, and the jury having found the issue of negligence against the county, and respondents having a manifest right under § 194, Rem. Code, to sue and recover therefor, the judgment for $5,000 in the first cause of action will be affirmed. The judgment for $20,000, as to the second cause of action, will be reversed and the cause of action as to it dismissed. Appellant, having recovered a more favorable judgment, will recover costs of appeal.

PARKER, C. J., and MAIN, J., concur.

HOVEY, J. (dissenting)—I do not believe that the legislature ever intended a county to be suable in a court in another part of the state in an action where it is a principal defendant, and if the law is so construed it should be amended.

Upon the facts in this case there should be no recovery whatever against the county. The proof merely showed ruts in the road in which water stood, a warning in itself to every motorist, and a situation which no county can insure against. The jury in freeing the driver from all blame also absolved the county and left the case one of an unfortunate accident.

MACKINTOSH, J., concurs with HOVEY, J.

### ON REHEARING.

[*En Banc.* January 20, 1923.]

PER CURIAM.—On a rehearing *En Banc* of this cause, although the views of the full bench are quite divergent on the several questions involved, the majority adhere to the result reached in the Department opinion; and the judgment of the superior court is affirmed in part and reversed in part as directed by the Department opinion.