[No. 20762. Department Two. December 6, 1927.]

DOROTHY M. GREEN, as *Administratrix of the Estate of Carroll B. Green, Deceased, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1] MUNICIPAL CORPORATIONS (566)—CLAIMS AGAINST CORPORATION —WRONGFUL DEATH—PRESENTATION OF CLAIM BY WIDOW. Where the widow is the sole beneficiary, a claim against the city for the death of her husband, signed by her as "claimant" and verified by her is sufficient, under a liberal construction of the statute, to support an action by her as administratrix of her husband's estate, under Rem. Comp. Stat., §§ 183, 183-1.

Appeal from a judgment of the superior court for King county, Kinne, J., entered November 18, 1926, dismissing an action for wrongful death, upon sustaining a demurrer to the complaint. Reversed.

*Beardslee & Bassett, C. W. Dark,* and *C. W. Pierce,* for appellant.

*Thomas J. L. Kennedy,* and *Arthur Schramm,* for respondent.

MAIN, J.—The plaintiff, as administratrix of the estate of Carroll B. Green, deceased, brought this action to recover for the wrongful death of the intestate. To the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further and elected to stand upon the complaint. A judgment

[1]Reported in 261 Pac. 643.

was entered dismissing the action, from which she appeals.

Carroll B. Green died on the 23rd day of December, 1924, as the result of injuries sustained when he was struck by one of respondent's street cars the preceding day. Within thirty days from the date of the injury, Dorothy M. Green, his widow, filed a claim with the respondent for damages for the wrongful death of her husband. A copy of this claim was attached to the complaint and made a part thereof. The claim was signed "Dorothy M. Green, Claimant" and was verified by "Dorothy M. Green." The action is brought by Dorothy M. Green, as administratrix of the estate of her deceased husband. The only objection to the claim appears to be that it was not verified by Mrs. Green as administratrix.

Section 183, Rem. Comp. Stat. [P. C. § 8259], provides that, when the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain an action for damages against the person causing the death.  Section 183-1 [P. C. § 8260], provides that every such action shall be for the benefit of the "wife, husband, child or children of the person whose death shall have been so caused." In this case, the action is brought solely for the benefit of the wife. So far as the complaint is concerned, there are no other beneficiaries. · In *Okitsuki v. Seattle,* 115 Wash. 245, 197 Pac. 6, it was held that a claim which gave the residence of the administrator of the estate of the deceased for the time required by law preceding the death was sufficient, because, under the statute above referred to, the administrator in law became the claimant.

[1] Starting then with the proposition that the administrator, or administratrix as the case may be, is in law the claimant, the only question to be deter-

mined in this case is whether a claim signed individually by the widow who was the sole beneficiary of the deceased was sufficient. In *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784, it was held that a claim for personal injuries presented by a married woman in her own name was sufficient to support an action by the husband and wife, where the claim was not rejected on the ground that the husband was not a party to it, and where the claim was admitted in evidence without objection, and its sufficiency was not questioned until after the findings of fact were filed. In *Blackwell v. Seattle,* 97 Wash. 679, 167 Pac. 53, it was held that the wife may make and file a claim for personal injuries against a city in her own name, where the husband and wife are living separate and apart, and the husband was out of the state at the time and did not return until after the time for filing the claim had expired. It was there said:

"The evidence shows, as we have above stated, that, at the time Mrs. Blackwell was injured, her husband was residing in the state of Oregon, while she was residing in the city of Seattle. Her husband had been residing in the state of Oregon for about two years, and did not return to this state until more than sixty days after the injury. In the meantime, Mrs. Blackwell made and filed the claim for damages against the city. There was no legal separation, but there was an actual living apart at the time of the injury to Mrs. Blackwell. The question presented here was made in the case of *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784. After some consideration of the question, we there said:

" 'We fail to see why a wife might not, on behalf of the community, present a claim for damages based upon personal injuries sustained by herself.'

"We think that is decisive of the question presented here, especially where the husband is without the state when the injury occurs and does not return until after the time when the claim is required to be made and filed, as was the case here."

In. both of those cases, it is recognized and held that the husband, being given the management and control of community property by statute, was a necessary party to maintain the action. In neither of the cases was the claim filed by this necessary party.

Without assembling the cases, it may be said that this court has repeatedly held that the city charter and statutory requirements as to the filing of claims are to be liberally construed and not, as one case stated, so as to make them a "stumbling block or a pitfall to prevent recovery by meritorious claimants." In this case, if the claim had been presented to the respondent by the administratrix, it would have been signed "Dorothy M. Green, as administratrix of the estate of Carroll B. Green, deceased," and would have been verified by her. In the claim filed, as stated, it was signed by "Dorothy M. Green, Claimant" and was verified by her. She was the only beneficiary. If a claim filed by the wife, as held in the two cases cited, where the husband was a necessary party plaintiff to the action, was sufficient, it would seem to follow that a claim filed by the widow individually, when she was the sole beneficiary for whose benefit the action was brought, would likewise be sufficient. To hold that the claim was not sufficient would be to depart from the rule of liberal construction and resort to a technical and severe construction with reference to the legal requirements of a claim.

The case of *Howe v. Whitman County*, 120 Wash. 247, 206 Pac. 968, 212 Pac. 164, cannot be said to be controlling. After the Departmental opinion in that case was filed, a petition for rehearing was presented and granted. Upon the rehearing by the court sitting *En Banc*, the opinion of the Department was adhered to only as to the result reached. What is said in the opinion, therefore, relative to the filing of a claim, is

nothing more than the then views of the three members of the court that signed the Departmental opinion. That opinion has never become the law.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

MACKINTOSH, C. J., FULLERTON, and ASKREN, JJ., concur.

HOLCOMB, J., concurs in the result.