[No. 30042. Department Two. May 8, 1947.]

BERT E. COOK, *as Administrator, Appellant,* v. CLALLAM COUNTY, *Respondent.*

EDMUND J. THEILER, *as Executor, Appellant,* v. CLALLAM COUNTY, *Respondent.*[1]

*Wettrick, Flood & O'Brien* and *William J. Conniff,* for appellants.

*Max Church* and *D. E. Harper,* for respondent.

[1] Reported in 180 P. (2d) 573.

ROBINSON, J.—The above causes have been duly consolidated for appeal and are before us on an agreed statement of facts. The material portions thereof may be epitomized as follows:

On August 10, 1944, Lulu Mabel Cook and Lucy Theiler were killed while driving an automobile across a Clallam county bridge, and, in due course, Bert E. Cook qualified as administrator of the estate of Mrs. Cook, and Edmund J. Theiler qualified as executor of the estate of Mrs. Theiler.

On September 20, 1944, Cook and Theiler each presented to the commissioners of Clallam county a claim for damages, based upon Rem. Rev. Stat., § 183 [P.P.C. § 3-13], commonly referred to as "the wrongful death statute."

On October 4, 1944, the commissioners of Clallam county disallowed both claims, caused a minute record to be made to that effect, and mailed notices of such disallowances to the attorneys by whom the claims were prepared and presented.

On April 27, 1945, the summons and complaints in the actions here on appeal were served upon the auditor of Clallam county, but were not filed in the county clerk's office until July 3, 1945.

Subsequently, issues were made up, and the causes consolidated for trial. On October 22, 1945, the defendant, county, was permitted to amend its answers by inserting affirmative pleas that the actions had not been commenced within the time limited by law.

At the close of a two-day trial, the trial judge, applying Rem. Rev. Stat., § 167 [P.P.C. § 73-2], held that the actions were not commenced, with respect to the application of limitation statutes, until the filing of the complaints on July 3, 1945, and, consequently, both actions were barred. Subsequently, a judgment was entered dismissing the actions, with prejudice, and this appeal therefrom was duly perfected.

The agreed statement of facts contains the following paragraph:

"That the only questions for decision by the Supreme Court are as follows:

"(1) Does R.R.S. 4077 require the filing of a claim by those asserting a right against a county by virtue of the wrongful death statute (R.R.S. 183)?

"(2) Under R.R.S. 4077, was the Board of County Commissioners required to give notice of its rejection of the claims of the plaintiff herein to the plaintiffs themselves?"

■ Nothing is said concerning question No. (2) in the briefs. We, accordingly, assume that it is not submitted for our consideration. If, however, we are mistaken in so doing, the answer is, no. If any notice was required (see *Kope v. Columbia River etc. Bridge Comm.*, 147 Wash. 602, 266 Pac. 1053), notice to the attorneys who prepared and filed the claims was sufficient.

Under the caption of "Statement of Question Involved," appellants here set out in their brief but one question, to wit:

"Where a plaintiff brings an action for the wrongful death of his wife under the laws of this state, against a county, which statute of limitations is applicable?

"The trial court held Rem. Rev. Stat. § 4077 and Rem. Rev. Stat. § 164 controlling."

■■ Appellants' ultimate contention is that the limitation statute applicable to these actions is Rem. Rev. Stat. (Sup.), § 159 [P.P.C. § 73-11], which provides a three-year limitation. That § 159 applies to wrongful death actions against private persons or corporations is conclusively established. *Dodson v. Continental Can Co.,* 159 Wash. 589, 592, 294 Pac. 265. But in the instant actions, a county is the defendant, and, as was said very early by this court in *State ex rel. Rochford v. Superior Court,* 4 Wash. 30, 34, 29 Pac. 764, decided in 1892:

"A county is a somewhat peculiar institution, against which claims are not enforced unless they are warranted by some plain provision of law."

Such a provision was enacted by the first territorial legislature:

"Sec. 1. Be it enacted by the Legislative Assembly of the Territory of Washington:

"That the several counties in this territory shall have capacity as bodies corporate, to sue and be sued *in the man-*

*ner prescribed by law*; . . ." (Italics ours.) Laws of 1854, p. 329.

Appellants cite and quote Rem. Rev. Stat., § 951 [P.P.C. § 88-3], as follows:

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

Of the above section, enacted in 1869 (Laws of 1869, p. 154, § 602), appellants say in their brief:

"The function of Rem. Rev. Stat., § 951, is to grant an *absolute, unqualified* and *unreserved* consent on the part of the sovereign state, on its behalf and on behalf of its constituent counties, to be sued for injuries arising from the act or omission of counties. So far as that consent is concerned, the statute contemplated no limitation, condition precedent, or qualification."

In our opinion, by this enactment, the territorial legislature merely granted the right to sue counties, subject, however, to such procedural limitations as were in force when suit was brought. However, we need not press this point, because even if the broad interpretation placed by the appellants upon § 951 be correct, the grant *was* limited in territorial days, and has remained limited ever since. Two years after enacting the law codified in our existing code as § 951, the territorial legislature, in legislating concerning appeals from decisions of county commissioners, provided:

"And nothing herein contained shall be so construed as to prevent a party having a claim against any county in this territory, enforcing the collection thereof by civil action in any court of competent jurisdiction, *after the same may have been presented and disallowed in whole or in part by the* board of county commissioners of the proper county: *Provided,* That such action be brought within three months after such claim has been acted upon by said board." (Italics ours.) Code of 1881, p. 467, § 2695.

This is still the law. The above is the exact language of the concluding portion of Rem. Rev. Stat., § 4076 [P.P.C. § 480-43], except that the introductory word "And" has been dropped, and the word "state" substituted for the word "territory."

The territorial legislature also enacted the following in chapter 2, p. 40, of the territorial code of 1881, entitled, "Limitations of Actions":

"Sec. 32. Within three months:

"1. An appeal from any order of a board of county commissioners; or upon a claim rejected by said board.

"2. Upon claims against an estate, rejected by an executor or administrator within three months after the rejection."

This legislation is now codified in Remington's Revised Statutes as § 164 [P.P.C. § 73-21]. (See footnote thereto.) In *Baum v. Sweeny,* 5 Wash. 712, 32 Pac. 778, it is said that the above-quoted section repealed and superseded an enactment of the territorial legislature of 1863, which had required that such appeals be taken in twenty days. However, the twenty-day period seems to have been restored by an act passed less than a month after that decision was rendered. Laws of 1893, chapter 121, p. 291, § 1.

We take it to be existing law that no action on any claim can be prosecuted against a county unless the claim has first been presented to the county commissioners and disallowed by them in whole or in part. In case of disallowance, an appeal may be taken to the superior court within twenty days, or an original action may be brought against the county within three months (Rem. Rev. Stat., § 4076).

The short record in this cause does not clearly show whether the instant cases came to the trial court by way of appeal from decisions of the county commissioners or as original actions. That, however, is immaterial, since the rejection and disallowance of the claims occurred on October 4, 1944, and the summons and complaints were not filed in the clerk's office until July 3, 1945. If the statutes we have just discussed apply to the actions, the trial court's

ruling was correct whether they came to the court by way of appeal or as original actions.

Rem. Rev. Stat., § 4077 [P.P.C. § 480-17], enacted in 1919, is merely supplemental to the system of collecting claims against the county, originally set up in territorial days. It reads, in part, as follows:

"That *all claims for damages* against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of such claimant at the time of presenting and filing such claim and for a period of six months immediately prior to the time such claim for damages accrued, and be sworn to by the claimant. No action shall be maintained for any claim for damages until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation: Provided, that if the claimant shall be incapacitated from verifying and filing his claim for damages within the time prescribed, or if the claimant be a minor, or in case the claim is for damages to real or personal property, and if the owner of such property is a nonresident of such county or is absent therefrom during the time within which a claim for damages to said property is required to be filed, then the claim may be verified and presented on behalf of said claimant by any relative or attorney or agent representing the injured person, . . ." (Italics ours.)

In the recent opinion in *Caron v. Grays Harbor County*, 18 Wn. (2d) 397, 405, 139 P. (2d) 626, we find a very clear and concise statement which may well serve as a conclusion to the foregoing portion of this opinion and as an introduction to the remainder thereof:

"It is definitely settled in this state that the filing of a claim in accordance with Rem. Rev. Stat., § 4077, is a condition precedent to the maintenance of an action for damages against a county. *Old Nat. Bank v. Lewis County*, 137 Wash. 436, 242 Pac. 961; *Shaw Supply Co. v. King County*, 169 Wash. 175, 13 P. (2d) 472; on rehearing, 172 Wash. 137, 20 P. (2d) 8; *Holmquist v. Queen City Const. Co.*, 175 Wash. 681, 27 P. (2d) 1066; *Boitano v. Snohomish County*, 11 Wn.

(2d) 664, 120 P. (2d) 490. As stated in the *Shaw Supply Co.* case, *supra,*

" 'The statutes requiring claims to be presented to that board declare a rule of policy, and the courts are not at liberty to ignore it, even though they might be persuaded in a particular case that it was a useless ceremony.' "

(The system governing collection of claims against counties, hereinabove outlined, is by no means peculiar to the state of Washington. See 14 Am. Jur., article on "Counties," particularly subtitle "Claims Against Counties," of which § 67, p. 229, reads, in part, as follows:

"It is generally provided by statute that a suit upon a claim cannot be maintained against a county until the claim or demand has been presented to, and disallowed by, the board. Since it is within the power of the legislature to prescribe the conditions under which a county may be sued, it may properly require that a claim be presented before suit is brought thereon. This requirement is founded upon the propriety of giving the county notice of the claim and an opportunity to pay without suit. It is designed to protect the board from importunities to pass on claims before they are presented in such a way as to be considered intelligently, to enable it to guard against improper charges, and to secure taxpayers against abuses in the allowance of claims.")

■ Although the appellants complied with § 4077, they vigorously contend that it has no application to the collection of claims against counties by personal representatives of a deceased person, based on the wrongful death statute. They must prevail on that point in order to avoid the limitations provided in §§ 164 and 4076 of the code. The nature of their arguments may be indicated by the following excerpts from their brief:

"It is crystal-clear that to invoke the 60-day claim and the 90-day limitation (Rem. Rev. Stat. § 4077 in conjunction with Rem. Rev. Stat. § 164) would be wholly to destroy the remedial and benevolent purpose of the legislature in the enactment of the wrongful death statute. It would wipe out the remedy provided therein in many cases to any third party litigant who, though perfectly able to act within the 3-year limitation, would never be able in many cases to assert and in most cases to perfect his remedy within the

limitation encompassed under Rem. Rev. Stat. § 4077.
. . .

". . . Rem. Rev. Stat. § 4077 can have no application to an action for wrongful death. Rem. Rev. Stat. § 4077 as has heretofore been pointed out, relates merely to the right granted generally as to common law liability against the county, of a party injured by the county's breach or negligence, to file a claim and have it either allowed or rejected by the county commissioners. In the event of a rejection, at most the only right therein created in favor of the injured party was to appeal from the county's decision to the superior courts, and such right of appeal is conditioned by a 90-day limitation. . . .

"The force of our position becomes quite manifest when we note that our court has held that an action for wrongful death accrues, not at the date of the appointment of an administrator (the sole party entitled to wage it; *Howe v. Whitman County*, 120 Wash. 247, *supra*, but rather at the date of the wrongful death (*Dodson v. Continental Can*, 159 Wash. 589). Certainly our legislature did not contemplate · the strange anomaly of applying Rem. Rev. Stat. § 4077 so as to require that in order to be entitled in a case against the county to wage an action for wrongful death, an administrator must have been appointed and qualified as personal representative of the decedent and must have filed his claim within 60 days after the wrongful death, otherwise forfeit and extinguish for the beneficiaries named in the statute the right of action which it thereby created.

"It is unnecessary to multiply instances where the right itself by the adoption of such a construction would be totally extinguished, for by the very nature of the right of action created in favor of certain named beneficiaries, but necessarily to be brought only by the administrator or personal representative, many instances come to mind: assume, for example, that a decedent is killed by the negligence of a county. The named beneficiary may very well live in some distant state. If she fails for 65 days, let us say, under the rule of Rem. Rev. Stat. § 4077 to return to the state to attend to the details of burial and interment and to have an administrator appointed, all within the 60-day period, the right created in her favor would have been extinguished without any fault or action of her own."

In *Howe v. Whitman County*, 120 Wash. 247, 206 Pac. 968, 212 Pac. 164, decided three years after § 4077 was enacted,

it was squarely held that it applied to actions for damages against a county based on the wrongful death statute, and, as appellants concede in their brief, it has been the practice for many years to file claims with the county commissioners in accordance with that section before commencing such actions. We are urged, purely on grounds of policy, to reverse the holding in the *Whitman County* case and bring about an improvement in our statutory law by adopting, through a process of statutory construction, what is asserted to be a more just and more humanitarian policy. But if we desired to do that, it would be beyond our power, for the legislative language involved is so simple, plain, and direct as not to be susceptible to a construction which would achieve that result.

The claims of the appellants are admittedly claims for damages. They are so described in the agreed statement of facts, and the actions are likewise admittedly based on the wrongful death statute (Rem. Rev. Stat., § 183), which reads, in part, as follows:

"When the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain *an action for damages* against the person causing the death; . . ." (Italics ours.)

Section 4077 reads, in part, as follows:

"That *all claims for damages* against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. . . ." (Italics ours.)

It is, therefore, clear that § 4077 is in unambiguous terms directly applicable to the actions which are before us on this appeal, and, as was said in *Shaw Supply Co. v. King County, supra,* and restated in *Caron v. Grays Harbor County, supra*:

"The statutes requiring claims to be presented to that board declare a rule of policy, and the courts are not at liberty to ignore it."

Nor, of course, are they at liberty to substitute for a plainly declared legislative policy, a policy of their own making.

The judgment appealed from is affirmed.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.