[No. 10030. Department One. February 26, 1912.]

LENA FRASIER et al., Appellants, v. COWLITZ COUNTY, Respondent.[1]

COUNTIES—CLAIMS—PRESENTATION—ON BEHALF OF MINORS. A presentation of a claim by a widow for herself and minor children for the death of her husband through the fall of a county bridge, is a sufficient presentation on behalf of the children, under Rem. & Bal. Code, § 3909, providing in general terms that an action may be brought against the county after a claim has been presented and disallowed, without specifying who shall present the claim; especially in view of Rem. & Bal. Code, § 5932, giving such parent control of the children and their estate.

COUNTIES — CLAIMS — VERIFICATION—FORM. Under Rem. & Bal. Code, § 8354, requiring claims against a county to be sworn to before an officer having a seal, and that the bureau of inspection and supervision of public offices shall prescribe the form of affidavits, a claim verified before a notary public using his seal cannot be objected to as not in the form prescribed by the bureau, where it is not made to appear that the bureau had prescribed any form when the affidavit was made.

[1]Reported in 121 Pac. 459.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered June 9, 1911, upon granting a nonsuit, in an action for wrongful death caused by the collapse of a county bridge. Reversed.

*W. G. Drowley*, *Robt. E. Tunstall*, and *C. Kalahan*, for appellants.

*R. W. Wilbur*, *Geo. W. Rowan*, and *J. E. Stone*, for respondent.

Gose, J.—This action is prosecuted by the widow and minor children of William R. Frasier, deceased, to recover damages arising from his death through the alleged negligence of the defendant. On October 9, 1909, the deceased was riding upon a loaded wagon over a bridge which formed a part of a county road, in Cowlitz county, when the bridge collapsed, causing the wagon and wheel team to fall to the bed of the stream, and inflicting injuries upon him from which he died three days later. On November 4 following, the widow, on behalf of herself and her minor children, presented a verified claim for damages to the board of county commissioners of Cowlitz county, wherein she claimed that the death of her husband was caused by the negligence of the county. On December 7. following, the board rejected the claim. This action was commenced in February, 1910. The complaint alleges, and the evidence tends to show, that the bridge had been unsafe for a considerable time before the injury, and that the defendant knew it. At the close of the plaintiff's evidence, the court, upon the challenge of the defendant, entered a judgment in its favor. The judgment shows upon its face that it was entered for the defendant because it was the opinion of the court that no claim had been presented to the county by any person "lawfully authorized to present the same" for the minor appellants.

The appeal presents two questions; (1) Was the presentation of the claim by the widow for herself and minor children a legal presentation on behalf of the children, and (2)

was the claim properly verified? The statute provides that an action may be brought for the enforcement of a claim against a county after it has been presented and disallowed by the board of county commissioners. Rem. & Bal. Code, § 3909. This statute is construed, in *Hoexter v. Judson*, 21 Wash. 646, 59 Pac. 498, to mean that an action cannot be prosecuted against a county upon a claim, whether resting in contract or arising from a tort, until a claim has been presented to the county commissioners for allowance or rejection. The statute makes no provision as to who shall present the claim, or as to what the claim shall set forth. We think the first question must receive an affirmative answer. In *McLeod v. Spokane*, 26 Wash. 346, 67 Pac. 74, it was held that the wife might verify a claim against the city for damages which she sustained in consequence of its negligence. That action was prosecuted by the husband and wife, and the contention that the claim was not presented in behalf of both of the parties was rejected. Statutory and charter provisions, requiring the presentation of claims and notice of injuries to the governing authority of the municipality sought to be charged with liability before a suit can be maintained thereon, are to be liberally construed. *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383; *Ehrhardt v. Seattle*, 33 Wash. 664, 74 Pac. 827; *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31; *Schnee v. Dubuque*, 122 Iowa 459, 98 N. W. 298.

The purpose of these provisions, as applied to a claim arising from a tort, is to enable the municipality to investigate both the claim and the claimant while the occurrence is recent and the evidence available, to the end that it may protect itself against spurious and unjust claims. When the claim substantially complies with the legislative requirement and these ends are subserved, the claim has accomplished the purpose intended. In an action prosecuted by an administrator for the benefit of the widow and children to recover damages arising from the death of the intestate caused by

the alleged negligence of the defendant, a notice of the injury signed by the attorney for the administrator was held sufficient. *Hupfer v. National Distilling Co.*, 119 Wis. 417, 96 N. W. 809. See, also, *Carpenter v. Town of Rolling*, 107 Wis. 559, 83 N. W. 953. Under a statute requiring a notice of the claim to be given "by the person injured or by any other person in his behalf," it was held that the father, the natural guardian of his minor children, might give the notice. *Taylor v. Woburn*, 130 Mass. 494. The same general principle is announced in *Perry v. Clarke County*, 120 Iowa 96, 94 N. W. 454.

"There is no doubt but what a person other than the injured employee may give the notice required by the act, provided that he gives it upon the plaintiff's behalf." Dresser, Employers' Liability, § 31, p. 174.

"A statute requiring such a notice in general terms, without any exception, applies to infants as well as to adults; and hence such a notice or statement may be made by an infant where the infant is the injured person." 5 Thompson, Negligence, § 6349.

The argument that the commissioners could not safely pay the portion of the claim belonging to the minors to any one except a guardian, and therefore that none but a guardian may present the claim on their behalf, is more plausible than substantial. As we have seen, the minor may present a claim in his own behalf, and the party against whom the claim was asserted would be confronted with the same condition suggested by the argument. In either case, the party against whom the claim was asserted could protect himself by requiring the appearance of a guardian before paying over the money. We think the statutory requirement is met when a joint or joint and several claim is presented by any one of the beneficiaries. It is probably true in this state, as counsel asserts, that the guardianship by nature extends only to the custody of the person of the ward and not to his property. But this does not preclude the parent, in a case like this,

from making a preliminary claim or demand in behalf of the minor. Rem. & Bal. Code, § 5932.

The second contention that the claim was not properly verified is based upon Laws of 1909, p. 142, § 9; Rem. & Bal. Code, § 8354. This section provides that claims like the one at bar shall be sworn to before an officer having a seal and authorized to take acknowledgments. It further provides that, "the bureau of inspection and supervision of public offices shall prescribe the form of affidavits, and no warrant shall be drawn for any claim not properly sworn to." The claim was verified by the widow like an ordinary pleading, before a notary public who impressed his seal upon the jurat. The precise point pressed is that there is no evidence that the verification is according to the form prescribed by the bureau of inspection. This contention is without merit. There is no evidence that the bureau had prescribed any form of affidavit when the claim was presented. It will be observed from reading the language just quoted that there is no provision for bringing to the public notice the form of affidavit prescribed by the bureau. The statute does not provide for its publication, nor does it provide for the entry of an order establishing the form in any public office in the state. The appellant clearly made a *prima facie* case. She complied with all the terms upon the face of the statute. *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663.

We think the learned trial court was in error in withdrawing the case from the jury. The judgment is therefore reversed, with directions to proceed with the trial.

Dunbar, C. J., Parker, Crow, and Chadwick, JJ., concur.