[No. 29283.    *En Banc.*    November 18, 1944.]

MARVIN E. COOK, *Individually and as Administrator, Appellant,* v. THE CITY OF YAKIMA, *Respondent.*[1]

[1]Reported in 153 P. (2d) 279.

*J. P. Tonkoff*, for appellant.

*Harry L. Olson*, for respondent.

MALLERY, J.—The plaintiff, individually and as administrator of the estate of Esther F. Cook, brought suit to recover damages suffered by reason of the death of Esther F. Cook alleged to have been caused by the defective condition of a street in the city of Yakima. A demurrer to the complaint was sustained, a judgment of dismissal was entered, and the plaintiff has appealed.

The demurrer was sustained upon the ground that the notice of claim for injuries, filed by appellant with the respondent city, was insufficient, in that it did not give the street and number of the residence of the plaintiff for the six-month period prior to the accident.

The allegation in the claim, touching residence in the case at bar, reads:

"That the claimant was the husband of Esther F. Cook, and that for a period of more than six months *last past,* claimant and Esther F. Cook resided as husband and wife at 1107 Willow Street, Yakima, Washington." (Italics ours.)

The only question involved in this case is whether that is a sufficient compliance with the requirements as to allegations of residence.

▮ It appears that the combined requirements of the city charter and state law as to allegations touching the residence of the claimant are that the claimant must state his actual residence by street and number (a) at the date of filing the claim and (b) for a period of six months prior to the time such claim for damages accrued.

▮ The accident in which Esther F. Cook is alleged to have lost her life occurred November 28, 1942. The claim was verified and filed December 24, 1942. Thus, to meet the requirements of the statute and the city charter, the

claimant's residence by street and number must have been alleged for a period of six months prior to November 28th, and also the claimant's residence must have been alleged by street and number as of December 24, 1942, when the claim was filed.

The language in the allegation touching residence in this case is inept and not to be commended. The street and number of the residence, 1107 Willow street, Yakima, Washington, is accurate and unquestioned. The use of the words *"last past"* in the notice would indicate that the allegation of residence for the six-month period was related to the date of filing the claim, which would satisfy the requirement of stating the residence at the date of presenting the claim and we so accept it.

It is contended, however, by respondent that this makes the allegation of residence prior to the occurrence of the accident cover a period of less than six months, since the accident occurred upwards of a month prior to the filing.

The statute is mandatory, but that fact does not require that it be strictly construed. This court has said:

"On the contrary, the very fact that it is mandatory and unavoidable calls for a reasonable construction, in the light of its plain purpose, unless we are to regard the statute as a pitfall rather than a precaution." *Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612.

In the case of *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459, it was said:

"Statutory and charter provisions, requiring the presentation of claims and notice of injuries to the governing authority of the municipality sought to be charged with liability before a suit can be maintained thereon, are to be liberally construed.

"The purpose of these provisions, as applied to a claim arising from a tort, is to enable the municipality to investigate both the claim and the claimant while the occurrence is recent and the evidence available, to the end that it may protect itself against spurious and unjust claims. When the claim substantially complies with the legislative requirement and these ends are subserved, the claim has accomplished the purpose intended."

See, also, *Green v. Seattle,* 146 Wash. 27, 261 Pac. 643; *Lindquist v. Seattle,* 67 Wash. 230, 121 Pac. 449; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43.

Cases dealing with the required statement in the claim relating to residence of the claimant are in two classes: (1) those concerning the sufficiency of the address, and (2) those concerning the sufficiency of the statement relating to the period of time of residence at the address given. Both have been liberally construed.

In the case at bar, the address is conceded to be accurate. It is only the statement relating to the length of residence at the given address that is claimed to be insufficient. It falls under the second classification.

In *Decker v. Seattle,* 80 Wash. 137, 141 Pac. 338, the claim expressed the period of residence at the given address as of the date the claim was verified rather than the date upon which it was filed. The interval between filing and verification was three days. Among other things, the court said:

"We have never held that even a mandatory requirement may not be met by a substantial, though not an exact, nice and literal compliance. . . . In the present instance, the interval between the date of the verification and filing of the claim was so short as to constitute a substantial compliance with the statute. In such a case, it is only reasonable to permit the claim to be supplemented by proof that the place of residence was not changed in the interval. So supplemented, the claim, obviously, was not, and could not have been, misleading."

To the same effect is *Bane v. Seattle,* 80 Wash. 141, 141 Pac. 339.

The case of *Maggs v. Seattle, supra,* differs on its facts from the *Decker* case, *supra,* only in that the interval between verification and filing was thirteen days instead of three days. The court said:

"After mature consideration, we are firmly convinced that a claim which states the claimant's place of residence at the date of verification and for at least six months prior thereto, when both verified and filed within thirty days after the claim accrued, as provided by the charter, must be construed as reading as of the date of filing, and as making a *prima facie* showing of the residence as of that date, the

presumption being that the place of residence remains unchanged until the contrary is made to appear. This is the general rule in all cases where a status is once established. Such a construction meets every possible useful purpose of the notice, which is to give to the city the opportunity to investigate both the claim and the claimant while the occurrence is recent and the evidence available."

In *Titus v. Montesano, supra,* the claimant stated that she "had resided in Montesano for five months and twenty days, and in Seattle fifteen years prior thereto." It was contended by the city that this meant that fifteen years ago the claimant lived in Seattle, and that such information was irrelevant, and did not comply with the statutory requirements. The court declined to follow this interpretation and held that the natural meaning of these words was that the claimant had lived in Seattle for the entire period of fifteen years, prior to her residence in Montesano. A similar ambiguity was before the court in *Richardson v. Seattle,* 97 Wash. 521, 166 Pac. 1131, where the court held the word "during" to mean "throughout the course of," and not merely at some time.

The respondent relies most strongly upon *Sopchak v. Tacoma,* 189 Wash. 518, 66 P. (2d) 302. The allegation regarding residence in the *Sopchak* case reads as follows:

" 'I, the undersigned, John Sopchak, aver that I reside at 2547 South G. Street, Tacoma, Washington, and that I am a citizen of the State of Washington, and City of Tacoma, Washington; that I am thirty-two years of age, a single man, and have resided in Tacoma thirty-one years, having been born in Marinette, Wisconsin, September 4, 1900.' "

This was held to be insufficient, the court therein saying:

"But there is no language in the claim in this case even remotely purporting to state the claimant's residence by street and number during the six months' period."

Manifestly, the *Sopchak* case falls under the first classification and is not in point on the time element. There the claimant stated the period of residence in Tacoma as thirty-one years, which is of course more than six months. The insufficiency arose out of a total failure to state the address by street and number for any period.

The case most nearly in point with the case at bar is *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, 130 A. L. R. 134. The allegations in the *Duschaine* case were:

" 'That she is now a resident of the City of Everett, Washington, and residing at 1510 Chestnut St. *and prior thereto resided at route number 1, Marysville, Washington.'* (Italics ours.)"

This was held to be sufficient, the court saying:

"The case upon which respondent most confidently relies, and one, no doubt, that largely influenced the trial court, is the recent case of *Sopchak v. Tacoma,* 189 Wash. 518, 66 P. (2d) 302. We regard the opinion in that case as entirely sound; and while, upon a cursory reading, it may seem to be somewhat at variance with our present holding, a careful study of the opinion, having in mind the facts and the particular provisions of the charter on which it was based, will reveal a clear distinction, we believe, between that case and this.

"In the *Sopchak* case, the city charter provided that the claim

" ' " . . . shall . . . give the actual residence of the claimant *by street and number* at the date of presenting such claim, *and for six months immediately prior to the time such claim for damages accrued."* '

"The claim failed to state claimant's residence, *by street and number* during the six-month period.

"As stated in that opinion, the sole question presented and decided was:

" 'Does the claim give the residence of the claimant *by street and number* for six months immediately prior to the date such claim for damages accrued?'

"After reciting the statutory and charter provisions, the opinion held that the claim was deficient in that it failed to give the street and number of claimant's residence during the six-month period, and that data not included therein could not be supplied by any method of construction, however liberal. In other words, that was a case in which the charter required that the *claim itself* must state the street and number of claimant's residence during the six-month period, and no amount or kind of construction could supply what, on its very face, the claim did not contain.

"We have no such situation in the case at bar, and hence that decision is not controlling here. In the instant case, the essential data were actually supplied though imperfectly

stated. Under the rule of liberal construction, we hold that a reasonable interpretation of the language of the claim before us is that the two addresses there given were the only places at which the claimant had resided for six months prior to the time of the accrual of her right of action."

Thus we find that the *Duschaine* case distinguishes the *Sopchak* case on a basis of the sufficiency of the address of the residence for the six-month period prior to the accrual of the cause of action. No case has been cited where a correct residence address by street and number has been given for any part of the six-month period prior to the accrual of the action that has been held to be insufficient. On the other hand, it has been held to be a substantial compliance with the provisions of the statute and city charter where there has been a bona fide attempt to comply and the correct address was given but the time period was ineptly expressed.

We are not here dealing with substantive facts, but only with the sufficiency of allegations. Of course, if the facts develop that claimant had not resided at the address given for the requisite period, he would not have met the requirements of the statute and charter that he state his residence by street and number for six months prior to the accrual of his claim.

On the other hand, if he did live at that address for the requisite time, the only defect would be in the manner in which he alleged the time period. "More than six months," the language in the instant case, is no more indefinite than "prior thereto," the language used in the *Duschaine* case, which was held to be sufficient.

Since the purpose of the statute and ordinance is not defeated to any extent whatever and there was a bona fide attempt to comply with their requirements, a liberal construction must hold it to be a substantial compliance therewith and therefore sufficient.

The judgment is reversed.

BEALS, STEINERT, BLAKE, ROBINSON, JEFFERS, and GRADY, JJ., concur.

MILLARD, J. (dissenting)—In the case at bar, Mrs. Cook died as the result of injuries alleged to have been sustained by her November 28, 1942. The claim for damages in the case at bar accrued November 28, 1942.

The statute (Rem. Rev. Stat., § 9478 [P. C. § 703]), compliance with the provisions of which is made mandatory by Rem. Rev. Stat., § 9480 [P. C. § 704a]—this section we have written out of the statute—requires, as does the city charter of Yakima, that, in a claim of the character involved herein, the claimant must incorporate into and make a part of the written claim filed by the claimant a statement of the actual residence of such claimant by street and number at the date of presenting and filing such claim; and, also, there must be made a part of the written claim a statement informing the municipal corporation what was the actual residence of the claimant for six months immediately prior to the time such claim for damages accrued.

Under the statutory and charter provisions, it was incumbent upon appellant to state in the claim filed by him his actual residence for six months immediately prior to November 28, 1942. This, appellant did not do. The claim filed by him recites that, for a period of more than six months prior to date of filing claim (December 24, 1942), claimant and his wife resided at 1107 Willow street in the city of Yakima. Where he and/or his wife resided six months prior to November 28, 1942, the date the claim accrued, the claim filed by appellant does not disclose.

In *Sopchak v. Tacoma*, 189 Wash. 518, 66 P. (2d) 302, we held that, where the claim does not state the actual residence of the claimant by street and number for six months immediately prior to the time such claim for damages accrued (appellant failed to make such statement in the claim filed in the case at bar), as required by the statute and city charter, the claim is defective; and, not having satisfied the charter and statutory conditions precedent to such right, claimant could not maintain an action to recover for the injuries sustained.

In *Sopchak v. Tacoma, supra,* the claimant stated that he had resided in Tacoma at a certain street and that he

had resided in the city of Tacoma thirty-one years. It is true that there was no language in the claim stating the claimant's residence by street and number during the six-month period immediately preceding the time his claim for damages accrued. In the case at bar, the claimant stated his place of residence for six months preceding the time he filed his claim, but he did not state his place of residence six months prior to the time the claim for damages accrued.

In *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, under the provisions of Rem. Rev. Stat., § 9478, and a provision of the city charter of Everett, which require, as in the case at bar and as in the case of *Sopchak v. Tacoma, supra,* that a statement in the claim be made not only of the actual residence of the claimant by street and number at the date of presenting and filing his claim, but also a statement of the actual residence of the claimant six months immediately prior to the date the claim for damages accrued, we attempted to distinguish *Sopchak v. Tacoma, supra.* If we did anything, we overruled *Sopchak v. Tacoma, supra.*

In *Duschaine v. Everett, supra,* the claim stated that the claimant was a resident of the city of Everett, Washington, and resided at 1510 Chestnut street and prior thereto resided at route 1, Marysville, Washington. We cited our prior opinions affirming the imperative declaration of Rem. Rev. Stat., § 9480, and holding that the requirements of Rem. Rev. Stat., § 9478, and of city charters relating to the presentation of claims, are mandatory, and demanded compliance therewith as a condition precedent to the bringing or maintenance of an action. We also cited other opinions of this court that the statutory and charter provisions respecting the presentation of claims should be construed liberally. We then stated:

"The rule consistently followed by this court is that *literal* compliance with legislative and charter provisions respecting the presentation of claims for tort against a municipality is not demanded; only *substantial* compliance is required."

The opinions, in my judgment, in *Sopchak v. Tacoma, supra,* and *Duschaine v. Everett, supra,* are irreconcilable.

The question presented in the two cases was whether the claim gave the residence of the claimant by street and number for six months immediately prior to the date such claim for damages accrued. Neither in *Sopchak v. Tacoma, supra,* where we followed Rem. Rev. Stat., § 9480, and upheld the charter and statutory provisions respecting the presentation of claims, nor in *Duschaine v. Everett, supra,* where we invoked the rule of liberal construction and wrote out of the charter and statute the mandatory provisions, did the claimant state the place of his residence by street and number for six months immediately prior to the date the claim for damages accrued. Which opinion shall we follow in the case at bar in which the claimant does not give his residence by street and number for six months immediately prior to the date the claim for damages accrued?

Our reason for holding as we did in *Duschaine v. Everett, supra,* was that any bona fide effort on the part of the city to avail itself of the notice by making an investigation, would disclose whether the claimant actually resided at the given address for the required six-month period, and that the claim filed enabled the city to make such an investigation and to

" . . . reap every benefit of a valid notice or to take advantage of any discovered fact that would render the notice invalid because of its noncompliance with the statute and charter provisions."

We distinguished the *Sopchak* case on the ground that the claim in that case failed, as in the case at bar, to state claimant's residence by street and number during the six-month period immediately prior to the time the claim for damages accrued.

The reason given by this court for its opinion in *Duschaine v. Everett, supra,* required the overruling of *Sopchak v. Tacoma, supra,* and, if we cared aught for consistency and had regard for legal stability, required reversal of the judgment in *Johnson v. Seattle,* 9 Wn. (2d) 231, 114 P. (2d) 972, wherein our settled tendency to distinguish instead of overrule our prior opinions, in conflict with our then present view, is illustrated by our attempted distinguishing of *Du-*

*schaine v. Everett, supra,* which, in principle, is indistinguishable from *Johnson v. Seattle, supra.*

In *Johnson v. Seattle, supra,* we held that a claim against a city for personal injuries resulting from an accident caused by a negligent accumulation of rocks and pebbles upon a public street, is insufficient, within a charter provision requiring that all such claims must accurately locate and describe the defect that caused the injury, where the claim describes the accident as having taken place on Highland Drive near the intersection of Holden, Hanford, and Othello streets, whereas, in fact, that location was a nonexistent place, the accident having occurred on Highland Park Way near west Othello street. The author of the opinion in *Duschaine v. Everett, supra,* was consistent; that judge signed the dissenting opinion in *Johnson v. Seattle, supra.*

In *Johnson v. Seattle, supra,* the street was erroneously described as Highland drive when its true name was Highland Park way. The description of the street disclosed that it was hard-surfaced for a width of eighteen to twenty feet with a gravel shoulder of about the same width on the east side of the pavement; that the course of the highway was from north to south in an ascending grade; that, at the intersection of Holden street, or within a few yards of that intersection with Highland drive, there had been under construction for some months prior to the accident a WPA project; that the WPA project was in the nature of sewer construction, tunneling under the pavement; that rocks, pebbles, and a large amount of gravel had been thrown out of the ditch and tunnel and had been permitted by the city to roll down and cover the pavement.

No representative of the city of Seattle could have been deceived by the description in the claim and no other location in the city of Seattle, other than the one where the accident occurred, would be picked by any representative of the city, although the street upon which the defect existed was named in the claim as Highland drive instead of Highland Park way, and west Othello street was named as one of the intersecting streets in the claim while the name is Othello street on the city map. Othello street was only one

of the streets, described in the claim, which intersected Highland Park way. Another street named in the claim, Holden street, sufficiently apprised the city's representatives of the site of the accident. There was no street, other than Highland Park way, in the city of Seattle with the name Highland anywhere in the name of the street which was intersected by two streets of the same names as Othello street and Holden street. Other physical characteristics of the street were recited in the claim which could not apply to any other street; hence, the city could not complain that it was misled.

In *Johnson v. Seattle, supra,* the claimant gave to the city such notice as to enable the city to investigate the cause and character of the injury. There was a good faith attempt to comply with the requirement relating to presentation of the claim. If we had followed the letter and the spirit of the opinion in *Duschaine v. Everett, supra,* the claim filed in *Johnson v. Seattle, supra,* would have been held to have accomplished its purpose of notice and that it was sufficient, though defective in some particulars.

In *MacVeigh v. Division of Unemployment Compensation,* 19 Wn. (2d) 383, 142 P. (2d) 900, we held that, under the unemployment compensation statute which by legislative mandate is required to be liberally construed, the section of that statute governing appeals of a claimant from the ruling of the unemployment compensation division to the superior court, must be strictly construed, and that the superior court obtains no jurisdiction to review an order of the unemployment compensation division unless the steps prescribed by the statute are followed.

*Duschaine v. Everett, supra,* overruled *Sopchak v. Tacoma, supra.* *Johnson v. Seattle, supra,* overruled *Duschaine v. Everett, supra,* and revivified *Sopchak v. Tacoma, supra.* The majority opinion in the case at bar restores to life *Duschaine v. Everett, supra,* and overrules *Johnson v. Seattle, supra,* and *Sopchak v. Tacoma, supra.*

By statute and rule an appeal must be taken within a specified period of time subsequent to final disposition of a case. It would be a *substantial* compliance with the rule and

statute if the appeal were taken a day or so prior to commencement of the period or if taken a day or so subsequent to expiration of the period. Nevertheless, in the first instance we have held that the appeal should be dismissed because premature. In the second instance we have held that the appeal must be dismissed because too late. If a statement of facts in a civil action is filed one or two days after expiration of the ninety-day period prescribed by rule and statute, we have *consistently* held that such *substantial* compliance is not sufficient to prevent striking of the statement of facts and affirmance of the judgment.

We have sent criminals to prison for life and have also sent men to the gallows for failure to file statement of facts within the time prescribed by rule and statute. Tardiness of a few days, we have held, is not a *sufficient* compliance with the rule and statute to permit review of an appeal when a man's liberty and life are in jeopardy.

Recently a motion to dismiss an appeal, because record was filed a few days late, from conviction for accepting earnings of a prostitute, was granted. When petition for rehearing was filed, we refrained from acting thereon until we amended the rule to grant more time, then reversed our position and denied the motion to dismiss the appeal. In an attempt to observe the rule, we altered the rule after its breach and then held there had been a compliance with the rule, as amended.

The charter and statute prescribe the time to be stated in the claim. A statement of less than that period is no more a substantial compliance with the charter and statute than were the instances recited above which did not constitute such substantial compliance with the statute and rule as to justify disregard of mandatory rule.

That we are not like the House of Lords, committed to a doctrine of disability at self-correction, is demonstrated by our record from 1854 to 1942, in which period we challenged and/or overruled not less than six hundred of our opinions. From 1937 to 1942, inclusive (a period of six years), we challenged and/or overruled 142 opinions or twenty-three and one-half per centum of the total of six hundred for

eighty-nine years. We deserve criticism in that we too often overrule *sub silentio,* or attempt to distinguish when there is no distinction. When we indulge in self-correction, I am of the opinion that it is wiser to overrule outright rather than to evade, as is often done by an attempt to distinguish where distinction there is none.

In *Barton v. Seattle,* 114 Wash. 331, 194 Pac. 961—almost twenty-four years ago—we said:

"To hold that it was not necessary to comply with the six months' provision of the statute would require a holding that it is not necessary to comply with any provisions of the statute with reference to residence and, following this line of reasoning, we would soon entirely wipe out the statute. We have heretofore held that the provisions of the statute requiring the notice to give the residence, both at the time of filing the claim and for six months prior thereto, were reasonable. *Collins v. Spokane, supra* [64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N.S.) 840]. If the requirement is reasonable, then it must be complied with, because the statute commands that it be complied with."

How long should a court halt between the desire to help a litigant and the duty to maintain a government of laws and not of men? Is it not possible for this court to write an opinion which bench and bar may accept as the announcement of a legal principle which we may respect in the future? Should we not strive to prevent adjudications of this tribunal from being brought, as stated in dissenting opinion in *Smith v. Allwright,* 321 U. S. 649, 88 L. Ed. 701, 64 S. Ct. 757, which overruled *Grovey v. Townsend,* 295 U. S. 45, 79 L. Ed. 1292, 55 S. Ct. 622, 97 A. L. R. 680, into the same class as "a restricted railroad ticket, good for this day and train only?"

Some argue that "the human element" is a factor which must be taken into consideration when analyzing opinions of the courts, doubtless meaning that a change of personnel will result in the court's shifting its position. In other words, the rule of legal stability is a myth and the bar must be content to practice the legal profession in terms of conjecture or surmise. To those who subscribe to change of

legal principles with change of judicial personnel, truth is the belief which is held by the preponderant majority and "the best test of truth is the power of the thought to get itself accepted in the competition of the market, . . ." Dissenting opinion of Mr. Justice Holmes in *Abrams v. United States*, 250 U. S. 616, 63 L. Ed. 1173, 40 S. Ct. 17.

If we apply the foregoing to scientific truth, for countless centuries the earth was flat, because the great majority of the people so believed, but subsequent to 1492 the earth became round or spherical, because a majority of the people were convinced of that truth by the trip of Columbus to San Salvador.

The judgment should be affirmed; if not, we should overrule *Johnson v. Seattle, supra, Sopchak v. Tacoma, supra,* and all other opinions of this court in which we held that compliance with mandatory provisions of rules and statute is a condition precedent to the bringing or maintenance of an action. Let us inform the bench and bar which rule we *might* follow when the question is next presented for review.

SIMPSON, C. J., concurs with MILLARD, J.