CITY OF RENO, NEVADA, A MUNICIPAL CORPORATION,
AND GEORGE COOK, APPELLANTS, *v.* WILLIAM
E. FIELDS AND PHYLLIS H. FIELDS, HUSBAND
AND WIFE, RESPONDENTS.

No. 3709

November 13, 1952.                    250 P.2d 140.

*Woodburn, Forman & Woodburn,* of Reno, for Appellants.

*Martin J. Scanlan,* of Reno, for Respondents.

**O P I N I O N**

By the Court, BADT, C. J.:

William E. Fields and Phyllis H. Fields, his wife, own residential property east of the city dump maintained by the city of Reno, and they sought an injunction against the operation and maintenance of such dump as a nuisance and for resulting damages. They attached to their amended complaint a copy of their claim for such damages theretofore presented to the city. Such claim recited the plaintiffs' ownership of the property described in detail, alleged the ownership by the city of certain lands in the same section of land and alleged that the city, since December, 1946, and to date, has been "maintaining and operating a dumping grounds thereon in conjunction with one George Cook as lessee since August 9, 1949, and with other lessees prior thereto, and by the city of Reno independently at other times, and have been maintaining and operating said dumping grounds for waste material consisting of paper, garbage, decayed vegetable and animal matter, trash and other refuse, and has allowed residents of the city of Reno and Washoe county to deposit waste material such as enumerated above and without any adequate plan for completely destroying or disposing of the same by incinerator, chemicals, burial or other destroying facilities, or to sufficiently enclose and confine such waste material within the confines of said dumping grounds, and in consequence paper, weeds and much other loose material in the form of dirt and dust has been and frequently is, with heavy high wind, blown and carried therefrom

and upon the property of the undersigned, thereby causing the undersigned much annoyance, inconvenience and labor in unsuccessfully attempting to keep their home, premises and property free and clear of any such waste material, refuse and other things, and which has created and continues to create an unsanitary, unhealthy and unsightly condition of said premises, and the dust storms may carry germs and other deleterious and poisonous matter and which is a menace to the health of the undersigned, their child and other persons living on the premises." The claimants then estimated their labor in cleaning their premises as comprising 1,224 hours at $1 per hour, amounting to $1,224 and "that the value of the property owned by the undersigned, together with the improvements thereon, diminished in value at least $5,000," to claimants' total damage in the sum of $6,224. The claim was duly verified and filed, was disallowed by the city board and the action commenced. As an affirmative defense the city pleaded failure of compliance with the municipal "claim statute," hereinafter quoted in full.

On the morning of the day set for the jury trial, pursuant to notice of motion filed the same day, the plaintiffs presented a motion to amend their amended complaint in the following respects: Paragraph VII of the amended complaint read as follows: "That the creation and continuation of said dump grounds and the manner in which the refuse and waste material is partially disposed of and the smoke and smells arising from and being blown upon the residential property of plaintiff has depreciated the value of said property to the extent of $5,000."

The proposed further amendment was to make paragraph VII read as follows: "That the operation and maintenance of said dump grounds and the manner in which the refuse and waste material was partially disposed of, and the refuse and waste material and the smoke and odors from said dump grounds being blown upon the residential property of plaintiffs' has caused

plaintiffs annoyance, discomfort and inconvenience, and has deprived plaintiffs of the comfortable enjoyment of the property, and has made their premises unsightly and objectionable to their senses of sight and smell and a menace to their health, to the plaintiffs' damage in the sum of $5,000."

The item of the prayer for $5,000 damages "for creating, maintaining and operating a nuisance and for damages caused to plaintiffs and plaintiffs' property" was also sought to be amended to claim $5,000 damages "for creating, maintaining and operating the municipal dump of the city of Reno, Nevada, as a nuisance, and to plaintiffs' damage for deprivation of the comfortable enjoyment of their property."

Both defendants objected to the motion to amend, contending that, if granted, it would substitute a cause of action for personal injuries for a cause of action for property damage and that no claim was ever presented to the city of Reno for that character of injury as required by sec. 1259, N.C.L.1929. The motion to amend was granted. The respective answers were amended to reflect appropriate denials and the first affirmative defense of the city was amended so as to plead the provisions of said section as a bar to plaintiffs' amended demand for damages. No objection to the amendment was made in the trial court upon the ground of its late presentation nor was any prejudice alleged by reason thereof nor was a continuance sought, and no error is assigned in this court growing out of the late presentation of the motion to amend.

The jury returned a verdict of $1,000 in favor of plaintiffs. Judgment was entered thereon and defendants' motion for new trial denied. Appellants contend first that secs. 1259 and 1260, N.C.L.1929, make the filing of a claim with the city a condition precedent to suit; or, in the alternative, that the failure to file such claim may be asserted as an affirmative defense to the action. They further contend that the claim as filed with the city was one for damages to their real estate;

that the amendment permitted by the court to the amended complaint as above recited permitted the plaintiffs to state a new and different cause of action, namely, a cause of action for personal injuries; that as no claim had been filed with the city for such personal injuries, the action must fail.

Sections 1259 and 1260, N.C.L.1929, read as follows:

"All demands and accounts and all claims of whatsoever kind, character or nature, or however the same may have originated against any incorporated city in this state, must be presented to the city council of said city, duly authenticated, within six months from the time such demands or accounts became due or payable, and within six months from the time the acts from which said claims originated shall happen.

"No demand, account, or such claim against any incorporated city in this state shall be audited, considered, allowed or paid by the city council or any officer or officers of said incorporated city unless the provision of section 1 of this act shall have been strictly complied with."

As we are satisfied that the claim as filed with the city was in compliance with the statute and that the amended complaint based upon such claim was properly subject to amendment, in the discretion of the trial court, with reference to the nature of the damage suffered by the plaintiffs and the measure thereof, and as such determination is decisive of the appeal, it will be the only point necessary for our consideration. The gravamen of the claim filed with the city was the maintenance of the nuisance described. We need not repeat the descriptive language used. The result was described as causing the claimants "much annoyance, inconvenience and labor in unsuccessfully attempting to keep their home, premises and property free and clear of such waste material, rubbish and other things." This was further recited to create an unsanitary, unhealthy and unsightly condition of the premises, and the dust

storms carrying germs and other deleterious and poisonous matter were said to be a menace to the health of the plaintiffs, their child and other persons living on the premises. The amended complaint repeated these allegations. It is true that paragraph VII of the amended complaint said that the acts of the city had depreciated the value of the plaintiffs' property to the extent of $5,000, while the amendment to paragraph VII claimed that the situation had deprived the plaintiffs of the comfortable enjoyment of the property and made the same unsightly and objectionable to their senses of sight and smell and a menace to their health to their damage in the sum of $5,000. To maintain that plaintiffs cannot recover because their claim filed with the city was one for damage to real estate while their present amendment is a claim for personal injuries is to substitute form for substance, and technical rules of pleading for modern code requirements to state the facts constituting a cause of action. With rare exceptions the courts have overwhelmingly permitted amendment under similar circumstances.

Appellants, conceding that the city was given notice of the alleged nuisance, insist that they were not given notice of plaintiffs' demand for damages for injuries to health or for annoyance, discomfort and loss of comfortable enjoyment of the property. Correctly stating "that one of the purposes of the statute is to give the city an opportunity to investigate the facts surrounding the claim" it is then contended that an intelligent investigation of the claimed property depreciation would require the services of a qualified man regarding property values, whereas under the amendment permitted by the court a different line of investigation would have been obvious, such as the services of a doctor or persons connected with the health and sanitation departments. Appellants say that such an investigation might possibly have resulted in a recommendation for the payment of

some amount. We are not impressed by this argument. The wording of the claim as filed, the wording of the amended complaint and the wording of the further amendment to paragraph VII are all consistent with one statement of facts describing the nuisance as maintained by the city and the effects thereof upon plaintiffs and the property of plaintiffs. Precisely the same investigation was called for. If the city thought that the annoyance, discomfort, inconvenience, deprivation of comfortable enjoyment, offensiveness to sight and smell and menace to health resulting from the nuisance required a further and different investigation than that called for by the allegations of the claim that the nuisance resulted in depreciating the value of their property, it could have asked the court for a continuance for such purpose. It did not do so and the reason is obvious. It had already been apprised of all of the facts of the claim, and if the facts were as alleged, there remained for determination only the legal liability of the city and the measure of plaintiffs' damage—the injunctive feature of the relief sought being eliminated from consideration.

Claims filed under statutes such as these need not be drawn with the technical nicety of a complaint. More v. City of San Bernardino, 118 Cal.App. 732, 5 P.2d 661. And where the facts constituting the claim are not changed, at least as great a liberality should be afforded the claim as is afforded by the courts in permitting amendment of pleadings in analogous instances. Cook v. City of Yakima, 21 Wash.2d 810, 153 P.2d 279, 281, refers to numerous Washington cases and quotes particularly from Frasier v. Cowlitz County, 67 Wash. 312, 121 P. 459, as follows:

"* * * The purpose of these provisions, as applied to a claim arising from a tort, is to enable the municipality to investigate both the claim and the claimant while the occurrence is recent and the evidence available, to

the end that it may protect itself against spurious and unjust claims. When the claim substantially complies with the legislative requirement and these ends are subserved, the claim has accomplished the purpose intended."

In Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 451, 62 L.Ed. 1075, the court said: "The cause of action is the wrong done, not the measure of compensation for it, or the character of the relief sought, and, considered as a matter of substance, the change in the statement of that wrong in the amended petition cannot, in any just sense, be considered a new or different cause of action." See also Finzer v. Peter, 120 Neb. 389, 232 N.W. 762, 73 A.L.R. 1170, citing numerous cases in which, under widely varying conditions, amendments were permitted to change the nature of the relief sought or to set up a different measure of damages. In Weyant v. Utah Savings and Trust Co., 54 Utah 181, 182 P. 189, 199, 9 A.L.R. 1119, the court said: "The respondents had but one state of facts to present to the court, and it is upon those facts that relief, if any is granted, must be based. It is the facts that are alleged and established at the trial, when applied to the law, that determine the nature and extent of the relief that a court may grant, and not the form of the action." And it was said in Scanlon v. Galveston H. & S. A. Ry. Co., Tex.Civ.App., 86 S.W. 930, that when the case relied on for a recovery is not changed, the cause of action is not changed by an amendment which claims merely a different measure of damages. Numerous other cases are to like effect.

Appellants rely on Coen v. City of Los Angeles, 70 Cal.App. 752, 234 P. 426, in which an original claim based upon plaintiff's alleged eviction from his property by the defendant was held not to support a subsequent suit in which the facts showed that plaintiff had not been evicted, had not been ousted from the premises, was still in possession of the property and actually obtained a judgment (reversed by the appellate court)

which did not even award him possession of the property. The court, however, recognized the rule that the claim statute has been met where the claim sued upon is substantially the claim first presented to the city and indicated that if the court's judgment had been for damages for a trespass, even under the claim as filed based upon an eviction, and if it had limited such damages to those accrued up to the date of the filing of the claim with the city, such judgment would have been affirmed. It is our opinion that the case supports our theory.

The parties have briefed and argued the question as to whether a claim against the city for damages arising out of facts constituting a nuisance must be filed under the requirements of sec. 1259, N.C.L.1929. As we have concluded that such a claim was in any event filed, it becomes unnecessary for us to discuss such proposition.

. It is our opinion that the court was not in error in permitting plaintiffs to amend their amended complaint in the manner described, nor was it in error in denying defendants' motion for new trial upon the contention that the plaintiffs had not presented to the city a claim "for damages for personal injuries."

The judgment and the order denying the motion for new trial are affirmed with costs.

EATHER and MERRILL, JJ., concur.