HANSEN–NEIDERHAUSER, INC., A UTAH CORPORATION, APPELLANT, *v.* THE NEVADA STATE TAX COMMISSION, RESPONDENT.

No. 4867

May 24, 1965                                   402 P.2d 480

*Richard C. Minor,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *Gabe Hoffenberg,* Chief Deputy Attorney General, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Appellant is a Utah corporation licensed to do business in the State of Nevada as a foreign corporation. After performing two contracts, the first between appellant and the United States Atomic Energy Commission, hereinafter referred to as AEC, and the second between appellant and H. Halvorsen, Inc., a prime contractor with AEC, appellant paid sales taxes to the State of

Nevada which appellant later claimed were paid erroneously and sought refund of the amounts paid. NRS 372.680.[1]

The trial court sustained a motion to dismiss without leave to further amend the appellant's amended complaint, first because it contained an allegation which did not appear specifically in the claim (NRS 372.645), and second, that the appellant was the purchaser of the materials, that the materials were parts of permanent improvements affixed to the realty, that the United States Government was not the entity taxed (thus violating its immunity) and, therefore, the appellant was by law liable for the taxes.

The first contract between appellant and AEC required appellant to install an air storage system in one of the projects at the Nevada Test Site. In the second agreement appellant agreed to "furnish all labor, material and equipment, required to do all plumbing, heating and ventilating, air-conditioning, process-piping, sewerage and sewerage systems, installation of applicable government furnished equipment and testing of air piping complete in accordance with plans and specifications. * * *"

After paying the sales tax, appellant seeking to comply with NRS 372.645 wrote the Nevada State Tax Commission for a refund stating that the taxes had been paid on the basis of an erroneous interpretation of Tax Commission Ruling 52 and that the sales tax had been paid on certain items of machinery, equipment and fixtures that had been sold for resale.

The Tax Commission rejected the claim and appellant

---

[1]NRS 372.680 reads: *"Action for refund: Time to sue; venue of action; waiver.*

"1. Within 90 days after the mailing of the notice of the tax commission's action upon a claim filed pursuant to this chapter, the claimant may bring an action against the tax commission on the grounds set forth in the claim in a court of competent jurisdiction in Ormsby County for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed.

"2. Failure to bring action within the time specified constitutes a waiver of any demand against the state on account of alleged overpayments."

brought suit, setting forth compliance with statutory procedural requirements and further alleging the furnishing and installing of items of personalty in the performance of the two contracts. It adds, which respondent contends is not part of the claim for refund, that the "majority of said equipment was installed for the performance of a function of the purchaser not essential to the utilization of the land itself."

We do not agree that appellant's claim for refund did not meet the requirements of NRS 372.645. That section provides, "Every claim (for refund) shall be in writing and shall state the specific grounds upon which the claim is founded."

Although not couched in the language of the technical niceties normally set forth in complaints or petitions before a court of law, where the facts constituting the claim encompass the same basic dispute, substantial compliance with the statute requiring the filing of a claim is sufficient.[2] Cf. City of Reno v. Fields, 69 Nev.

---

[2]"Nevada State Commission

"Carson City, Nevada

"Gentlemen:

"Please be advised that we are holders of valid Nevada permit No. [illegible].

"A claim is herewith entered by this letter for the refund of sales tax paid in error subsequent to July 1, 1959 on the following grounds.

"1.   Items of machinery and equipment were installed by this tax payer for the use of the United States Government at various locations in the State of Nevada, Use and Sales tax being paid due to an erroneous interpretation of Rule 52 of the State Tax Commission.

"2.   A refund of Sales Tax is requested on certain items of machinery, equipment and fixtures upon which tax was paid, the same items having been sold for resale subsequent to July 1, 1959.

"Will you please advise any procedure desirable to your office which we may follow in obtaining a refund of taxes paid by us in error.

"Yours very truly,

"HANSEN–NIEDERHAUSER, INC.

"George Niederhauser (Signed)

"George Niederhauser

"GN/nn"

300, 250 P.2d 140 (involving a claim against a municipality arising out of tort).

■■■■■■ ■■

The purpose of the statute requiring the filing of a claim as a predicate to the commencement of suit against a government agency is to enable the agency to investigate the claim and the claimant while the occurrence is recent and the evidence available to the end that it may protect itself against spurious and unjust claims. Thus, when the claim substantially complies with the legislative requirements, these ends are subserved. See Frasier v. Cowlitz County, 67 Wash. 312, 121 P. 459 (1912).

■■■■■■ ■■

Appellant further contends that Ruling 52 of the Nevada Tax Commission makes certain specific items constituting machinery and equipment exempt from sales tax.[3] Respondent argues that the items are "materials" and subject to the taxes. Whether or not the air storage system and the other items that went into the completed units are materials, thus taxable, or machine and equipment which can or cannot be removed without damage to the realty are fact issues to be resolved by evidence.

---

[3]"Tax Commission Ruling 52 provides in part:

"Tax does not apply to sales of machinery and equipment to contractors or subcontractors. As used herein, the term 'Machinery and Equipment' means property to which each of the following conditions apply:

"1. It is not used by the contractor in making the improvements (as distinguished from supplies and tools, such as steam shovels, cranes, trucks, and hand or power tools, actually used to perform construction work).

"2. It is either not attached to the realty or, if attached, is readily removable as a unit (as distinguished from fixtures, see below).

"3. It is installed for the purpose of performing a manufacturing operation or some other function essential to the structure itself.

"4. Title to the property passes to the United States before the contractor makes any use of it.

"Examples of machinery and equipment are: Portable machines, equipment and tools; furniture; vehicles; lathes, drills, presses, cranes, and other machines and apparatus which may be fastened to the realty, but which can be removed without damage to the structure or without substantially impairing its use."

As before noted, the amended complaint alleged that the "majority of said equipment was installed for the performance of a function of the purchaser not essential to the utilization of the land itself." Though not artfully stated, we take the quoted language to express the plaintiff's view that the items involved were machinery and equipment and not therefore subject to tax within the intendment of Tax Commission Ruling 52. If true, a claim for relief was stated. Of course we must, for the purposes of a Rule 12(b)(5) motion, accept the charge of the complaint as true. Professional & Business Men's Life Ins. Co. v. Bankers Life Co., D.C. Mont. (1958), 163 F.Supp. 274.

Reversed and remanded for further proceedings.

THOMPSON and BADT, JJ., concur.