EDWARD DEROUEN, Appellant, *v.* CITY OF RENO, Respondent.

No. 6368

December 15, 1971                    491 P.2d 989

*Streeter, Sala & McAuliffe,* and *Phyllis Halsey Atkins,* of Reno, for Appellant.

*Robert VanWagoner,* City Attorney, and *Leslie Leggett,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On January 30, 1969 the appellant filed with the respondent's city clerk a written notice of a request for damages claiming a false arrest. The claim was denied. On August 4, 1969 the appellant filed his complaint. After the respondent answered it filed a motion for summary judgment alleging that appellant's claim was barred by NRS 41.036(1)[1] because he had not complied with NRS 268.020(1)(2)[2] which requires certification before presentation. Summary judgment was granted.

In his appeal from that judgment the appellant claims that

---

[1]NRS 41.036(1): "No action shall be brought under NRS 41.031 . . . against a city without complying with the requirements of NRS 268.020, . . ."

[2]NRS 268.020(1)(2): "1. All demands and accounts and all claims of whatsoever kind, character or nature, or however the same may have originated against any incorporated city in this state, must be presented to the city council of the city, in writing, within 6 months from the time such demands or accounts became due or payable, and within 6 months from the time the acts from which the claims originated shall happen. Claims for property damage, personal injuries and any other claim arising out of a tort shall be certified by the claimant before presentation. No other claim or account need be certified. The certification required by this subsection shall be in substantially the following form: 'I hereby certify that the above and foregoing claim against the City of ................................, State of Nevada, is just and reasonable, and that the claim is now due, owing and unpaid.'

"2. No such demand, account or claim against any incorporated city in this state shall be audited, considered, allowed or paid by the city council or any officer or officers of the incorporated city unless the provision of subsection 1 shall have been strictly complied with."

the trial court erred as a matter of law. In support of this contention he argues that NRS 268.020 is unconstitutional because it is in direct conflict with Art. 8, § 5, of the Nevada Constitution.

Article 8 of the Nevada Constitution deals with "Municipal and Other Corporations." Section 5 of that article provides that "Corporations may sue and be sued in all courts, in like manner as individuals." In Lincoln County v. Luning, 133 U.S. 529, 531 (1890), the High Court, specifically referring to Art. 8, § 5, of the Nevada Constitution, held: "[T]hat this section is not to be limited to private corporations is evident not alone from the generality of its language and from the title of the article, but also from several sections therein in which municipal corporations are expressly named."

As used in Art. 8, § 5, supra, the phrase "in like manner" means a similar method of procedure. The same procedures must be followed in the commencement and prosecution of a suit against a municipal corporation as are followed in proceeding against a private corporation or an individual. The words "in like manner" import not only similarity in technical methods as to procedure, but also as to the time within which relief may be sought. Beal v. Lynch, 136 N.E. 172, 174 (Mass. 1922).

However, there is nothing in this record to indicate an inconsistency in the requirements for the commencement and prosecution of this lawsuit. The constitutional mandate is not directed to the existence of a cause of action or a right of action, but only to the lawsuit itself. The statute provides that no action shall be brought without complying with the requirements of NRS 268.020. This court has held that a cause of action and a right of action are synonymous. Lewis v. Hyams, 26 Nev. 68, 81, 63 P. 126, 127 (1900).

No constitutional restriction has been placed upon the legislature's right to limit a cause of action or a right of action. Here the appellant's right of action depended upon compliance with NRS 268.020. The trial court found insufficient compliance to support the bringing of an action. The appellant contends that although he may not have strictly complied with NRS 268.020 there was substantial compliance, and that if he had not substantially complied he was entitled to amend his claim in order to comply. The respondent, relying upon cases construing statutes requiring verification, contends that the appellant's uncertified claim does not amount to substantial

compliance. Redlands High School Dist. v. Superior Court, 125 P.2d 490 (Cal. 1942).

The appellant counters by asserting that certification is not synonymous with verification and for that reason the cases relied upon by respondent are all distinguishable. We agree that a verification and the specific certification as required by NRS 268.020 are not synonymous, for NRS 268.020 does not require an oath. The legislature apparently provided for certification to prevent the filing of spurious claims against municipalities, and set out a specific form of certification but only required it to be substantially followed. Where a verification is required by statute the courts have usually found it to be essential for validity because it can be the foundation for a perjury charge. In this state, however, any claim containing false or fraudulent claims can be the basis for a charge under NRS 197.160.[3]

Substantial compliance with statutory requirements is sufficient. Hansen-Neiderhauser v. Nev. Tax Comm'n, 81 Nev. 307, 402 P.2d 480 (1965); City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140 (1952). Here there was substantial compliance with the statutory requirement of notice of the appellant's claim against the respondent in spite of the fact that it did not contain the statutory words of certification. The claim was composed in sufficient detail to completely apprise the respondent of the appellant's grievance and it was signed by the appellant and his attorney. The purpose of NRS 268.-020(1)(2) is to advise an incorporated city of a valid claim against it. It was never intended to be a trap for the unwary. A certification upon a claim in no way enhances the prosecution of a person filing a false claim.

In Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969), we held that timely service upon the Secretary of State, who is a member of the State Board of Examiners, rather than the ex-officio clerk of the State Board of Examiners, was substantial compliance. In that case, at 363, we said: "To hold

---

[3]NRS 197.160: "Every person who, with the intent to defraud, shall knowingly present for audit, allowance or payment to any officer or board of the state or of any county, city, town, school or other district authorized to audit, allow or pay bills, claims or charges, any false or fraudulent claim, account, writing or voucher or any bill, account or demand containing false or fraudulent charges, items or claims, shall be guilty of a gross misdemeanor."

that such claims must be presented to the clerk, and that presentation to a member of the board is ineffective, would exalt form over substance. This, we decline to do, and rule that the claims were presented on March 8, 1968 when served upon the Secretary of State."

Here notice was timely filed with the respondent, it acted upon the claim and denied it. Certification on the claim would not have materially added to its content nor to its validity.

We find that there was adequate compliance by the appellant with the legislative requirements of notice of his claim against the city. The district court erred in granting the respondent's motion for summary judgment. The appellant's other claims of error need not be considered.

Reversed and remanded for further proceedings.

ZENOFF, C. J., MOWBRAY and GUNDERSON, JJ., and COMPTON, D. J., concur.